IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | BK NO. 15-38499<br>CHAPTER 7 |
| SHAMIKA L. MCGEE,<br>Debtor. | JUDGE JACK B. SCHMETTERER |
| HARLEY-DAVIDSON CREDIT CORP.,<br>Plaintiff.<br>v.<br>SHAMIKA L. MCGEE,<br>Defendant. | ADV. NO. 16-00089<br>**Hearing: 4/21/16 11 A.M.** |

## _AMENDED_ ~~PROPOSED~~ FINDINGS OF FACT AND CONCLUSIONS OF LAW

Now comes HARLEY-DAVIDSON CREDIT CORP. (hereinafter "Plaintiff"), by TERRI M. LONG, its attorney, and in accordance with this court's request on 3/17/2016 after a hearing on Plaintiff's Motion for Default Judgment, submits the following *Amended* Proposed Findings of Facts and Conclusions of Law.

### I. PROPOSED FINDINGS OF FACT

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§1334, 151 and 157, in that this action arises in and is related to the underlying Chapter 7 bankruptcy case, *In Re Shamika L. McGee*, Case No. 15-38499, filed on November 11, 2015.

2. This proceeding is a core proceeding, pursuant to 28 U.S.C. §157(b)(2)(I).

3. Venue is proper in this court, pursuant to 28 U.S.C. §1408.

### A. The Parties

4. Defendant Shamika L. McGee ("McGee") is a resident of Chicago, Illinois, and she is the Debtor in Case No. 15-38499.

5. Harley-Davidson Credit Corp. (hereinafter "Plaintiff") is a subsidiary of, and Eaglemark Savings Bank is a division of, Harley-Davidson Financial Services, Inc. Plaintiff is owed amounts under a retail installment contract made by Eaglemark Savings Bank for a 2014 Harley-Davidson FLHXS Street Glide motor vehicle.

B. **Plaintiff's Loan to Defendant McGee**

6. The Defendant McGee purchased the motorcycle on or about April 1, 2014, and entered into a retail installment contract with Plaintiff for the purchase of a certain 2014 Harley-Davidson FLHXS Street Glide motorcycle, whereby McGee promised to make 84 monthly installment payments of $445.20 each to the selling dealer.

7. As of the petition date, the outstanding balance owed to Plaintiff was $26,123.51 and the last payment made on this account was in January of 2015.

8. When McGee applied for credit from Plaintiff for the purchase of the motorcycle, she listed a social security number ending in 6012.

9. The social security number provided by McGee on her credit application tracks to a person with the same first and last names as Defendant.

10. The social security number listed on McGee's Chapter 7 bankruptcy petition ends in 3114.

11. Defendant McGee is the same person as the credit applicant, as a comparison of signatures reveals that the petition signature and the signatures on Plaintiff's documents are identical.

12. McGee also lists the debt and vehicle in her schedules.

13. In extending credit to McGee, Plaintiff relied on the information provided in her application for credit, and then on the credit application that tracked to the false social security number provided in the application.

14. Plaintiff's reliance was reasonable in that the social security number provided by Defendant was for the credit history of someone by the same name as Defendant.

15. This essential credit information provided by the Defendant was materially false.

16. McGee provided this information to Plaintiff with the intent to deceive Plaintiff and induce Plaintiff to extend credit, which Plaintiff did extend.

17. Plaintiff only became aware of the case filing when an attorney for McGee contacted Plaintiff in late January to inform Plaintiff that the vehicle was the subject of an automatic stay and that collection and repossession efforts should cease.

18. Plaintiff has been unable to locate the motorcycle for more than one year.

19. Plaintiff's efforts to locate the vehicle pre-petition and/or collect include the following:
    - *1/12/16 Agent went out to the address of record. The unit was not seen at 215 W 115th Street, Chicago, IL 60628.*
    - *12/27/15 Account assigned to Skip Masters 12/10/15. Agent called & left messages for the debtor. No response from the debtor. Attempted contact at 4929 Arquilla Drive, Richton Park, IL 60471.*
    - *11/23/15 Recovery attempt at Richton Park address. Debtor hasn't shown up at address and won't return phone calls despite many calls made during this time.*
    - *11/12/15 Review account and efforts.*
    - *11/10/15 Called and left messages for the debtor; no call backs at all. Attempt contact again at the 4929 Arquilla Dr, Richton Park, IL 60471 address, but unable to get an answer at the door. Continue all attempts. All phone contact efforts continue.*
    - *10/20/15 Continuing efforts to contact the customer and any relatives for current information. The debtor has not responded to any correspondence or other attempts to date. All recovery efforts continue.*

- *10/20/15 Attempted phone contact; called home and cell phone. No voice mail set up on cell phone. Left message on home phone. No response.*

- *10/13/15 Attempt contact by phone.*

- *10/06/15 More calls and messages left and no call backs. The agent has attempted contact at the 215 W 115th St, Chicago, IL 60628 address but unable to get an answer at the door. Continuing all attempts. All phone contact efforts will continue.*

- *9/29/15 Tried phone contact, skip tracing.*

- *9/11/15 -Attempted Phone Contact.*

- *8/2015 (month-long efforts): Skip Traced, found more numbers, called but no response. No answer.*

- *7/30/15 Telephoned Possible Number-No Answer, 151 attempts so far.*

- *7/29/15 Telephoned Other, no response. Followed new leads, tried possible new address. Left messages on recorder. No response.*

- *All other efforts up to this point to locate vehicle or debtor have failed; no response from Debtor. Efforts continue.*

20. Plaintiff served the complaint on defendant and also her attorney in the underlying case by first class regular mail on February 4, 2016.

21. A copy of the certificate of service was filed with the court on February 4, 2016.

22. Defendant had until March 7, 2016, in which to answer or otherwise plead, and Defendant as of March 8, 2016, had failed to do so and has not appeared in any way in this case.

## II. ~~PROPOSED~~ CONCLUSIONS OF LAW

23. Section 523(a)(2)(B) of the Bankruptcy Code provides that a debtor is not discharged from any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by the use of a statement in writing that is materially false; respecting the debtor's financial condition; and on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relief; and that the debtor caused to be made with the intention to deceive.

24. Plaintiff knowingly provided false information to Plaintiff on her credit application, most specifically a social security number that was not her own and which resulted in Plaintiff relying on another person's credit history in extending credit to McGee.

25. McGee intended that Plaintiff rely on this false information, to induce Plaintiff to extend credit.

26. In addition, McGee then failed to make payments on this loan and failed to make the collateral available to Plaintiff, despite efforts by Plaintiff to recover its property for more than one year.

27. Further, Section 11 U.S.C. §532(a)(6) provides that a debtor is not discharged from any debt that is the result of willful and malicious injury by the debtor to the property of another entity.

28. Defendant's actions in failing to return the collateral to Plaintiff constitute conversion and are willful, and have caused injury to Plaintiff (disappearance of collateral, making value $0).

29. Based on the false credit information upon which Plaintiff reasonably relied in extending credit to Defendant, along with the conversion of Plaintiff's collateral, the debt owed by McGee to Plaintiff is non-dischargeable under 11 U.S.C. §§523(a)(2)(B) and (a)(6).

4/21/16